J-S79022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
KRISTIN DELORGE   :
  :
Appellant   :   No. 937 MDA 2018

Appeal from the Judgment of Sentence February 20, 2018
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000915-2016

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:           **FILED FEBRUARY 05, 2019**

Appellant, Kristin Delorge, appeals from the judgment of sentence entered on February 20, 2018 in the Criminal Division of the Court of Common Pleas of Schuylkill County.  We affirm.

The opinion of the trial court filed on May 11, 2018 sets forth the factual and procedural history of this case.  **See** Trial Court Opinion, 5/11/18, at 1-12. We adopt that recitation of the facts and shall not repeat those facts herein. At the conclusion of trial on November 1, 2017, a jury found Appellant guilty of ten counts each of sexual abuse of children - disseminating depictions of prohibited acts (18 Pa.C.S.A. § 6312(c)) and sexual abuse of children – possessing material depicting prohibited acts (18 Pa.C.S.A. § 6312(d)).  The jury also found Appellant guilty of one count of criminal use of a communication facility (18 Pa.C.S.A. § 7312(a)).  On February 20, 2018,

the trial court sentenced Appellant to an aggregate term of 18 to 36 months' incarceration followed by ten years' probation.[1]

After the trial court denied Appellant's post-sentence motions on May 11, 2018, Appellant filed a timely notice of appeal on June 8, 2018. The court then directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on July 3, 2018 and the trial court issued its Rule 1925(a) opinion on July 6, 2018.

On appeal, Appellant challenges the sufficiency of the evidence offered in support of his child pornography convictions, as well as his conviction for the criminal use of a communication facility. In particular, Appellant claims that a single download of child pornography is insufficient to demonstrate a knowing or intentional violation of 18 Pa.C.S.A. § 6312(c). Similarly, Appellant maintains that the evidence is insufficient to show that he intentionally viewed or knowingly possessed child pornography in violation of 18 Pa.C.S.A. § 6312(d). Appellant concludes that because the evidence is insufficient to prove that he violated §§ 6312(c) and 6312(d), the evidence is equally insufficient to show a criminal use of a communication facility in violation of 18 Pa.C.S.A. § 7312(a).

We have carefully reviewed the certified record, the submissions of the parties, and the thorough opinion issued by the trial court in denying

---

[1] At trial, Appellant was also convicted of several drug-related offenses for which the trial court imposed concurrent punishments. Appellant's drug offenses are not challenged on appeal.

Appellant's post-sentence motions on May 11, 2018. Based upon our review, we are satisfied that the evidence adduced at trial was sufficient to establish each element of Appellant's offenses beyond a reasonable doubt. Because the trial court's opinion adequately and accurately addresses the claims Appellant presents on appeal, we adopt the trial court's May 11, 2018 opinion as our own. The parties are hereafter directed to include a copy of the trial court's May 11, 2018 opinion with all future filings pertaining to our disposition of this appeal.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/05/2019

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : No. 915-16

vs.

KRISTIN DELORGE,
          Defendant :

District Attorney's Office - for the Commonwealth
Frank R. Cori, Esquire - for Defendant

## DECISION

RUSSELL. J.

On February 18, 2018, Defendant Kristin DeLorge filed a motion for post-trial relief contending that the evidence elicited at his October 31 - November 1, 2017 jury trial was insufficient to support guilty verdicts against him on ten counts each of sexual abuse of children by disseminating depictions of prohibited sexual acts (18 Pa.C.S. 6312(c) ), and by possessing material depicting such acts (18 Pa.C.S. 6312(d) ), and on one count of criminal use of communication facility (18 Pa.C.S. 7312(a) ). Defendant had also been found guilty of one count of possession with intent to deliver a controlled substance - marijuana (35 P.S. 780-113(a)(30) ), two counts of possession of a controlled substance - marijuana and methamphetamine (35 P.S. 780-113(a)(16) ) and one count of possession of drug paraphernalia (35 P.S. 780-113(a)(32) ). Defendant does not contest the sufficiency of the evidence on the controlled substance/paraphernalia verdicts.

Defendant was sentenced on February 20, 2018 to serve 3 to 12 months' incarceration on Count 1 - possession with intent to deliver; 18 to 36 months' incarceration followed by 5 years' probation on Count 2 - dissemination of child

1

**Exhibit B -- Page 1**

pornography; and, concurrent terms of incarceration of 18 to 36 months or of 12 to 24 months on the balance of the dissemination offenses (Counts 3 - 11).[1] Sentences were not imposed on the possession of child pornography offenses (Counts 12 - 21) which were found to merge for sentencing purposes. Defendant was sentenced to serve 5 years' probation on Count 22 - criminal use of communication facility - to run consecutive to the sentence on Count 2.

Finally, Defendant was sentenced to serve terms of incarceration of 1 to 12 months on both Counts 24 and 25 - offenses of possession of methamphetamine and drug paraphernalia, respectively. The second count of possession of a controlled substance (marijuana) (Count 23) was found to merge for sentencing purposes. With the exception of the consecutive sentence of probation on Count 22, all sentences imposed were to run concurrently with that imposed on Count 1 - possession with intent to deliver a controlled substance (marijuana).

Defendant was directed to file a brief in support of his motion setting forth the basis for his claim that the evidence had been insufficient to prove the Commonwealth's case on or before March 12, 2018. In his March 14, 2018 brief, Defendant argues that the evidence was insufficient to prove that he had disseminated any depiction or that he had knowingly possessed the depictions. Further, Defendant raises the additional claim that the Commonwealth's evidence was against the weight of the evidence. On March 15, 2018, the Commonwealth asked for additional time to file a responsive brief

---

[1] All child pornography counts had been graded according to whether the depictions at issue exhibited indecent contact with a child as defined in 18 Pa.C.S. 3101. Per 18 Pa.C.S. 3101, indecent contact is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." In accordance with 18 Pa.C.S. 6312(d.1)(3), offenses involving depictions of indecent contact shall be classified one grade higher than those without such contact depicted. The longer terms of imprisonment were imposed on the higher graded offenses.

2

**Exhibit B – Page 2**

because the trial prosecutor was no longer with the District Attorney's Office and the current prosecutor needed a transcript of the trial testimony, which had then been ordered but not prepared, to address Defendant's arguments. The Court granted the motion. The Commonwealth subsequently filed its responsive brief.

———   ———   ———   ———   ———   ———

## Definitions of Crimes

The Crimes Code defines the offenses and elements at issue as follows:

### Sexual abuse of children

. . .

(c) Dissemination of photographs, videotapes, computer depictions and films.--Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display, exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

(d) Child pornography.--Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S. 6312(c),(d).

———   ———   ———

### Criminal Use of Communication Facility

(a) Offense defined.--A person commits a felony of the

3

third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

. . .

(c) Definition.--As used in this section, the term "communication facility" means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail.

18 Pa.C.S. 7512(a),(c).

General requirements of Culpability

(a) Minimum requirements of culpability.--Except as provided in section 305 of this title (relating to limitations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.

(b) Kinds of culpability defined.--

(1) A person acts intentionally with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

4

**Exhibit B – Page 4**

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) If the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

. . . .

18 Pa.C.S. 302(a), (b).

## Trial Evidence

In his brief, Defendant argues that the charges against him resulted from a Pennsylvania State Police investigation surveilling the internet for child pornography which found that one file containing twenty images of child pornography had been downloaded to an internet protocol address traced to Defendant. Defendant claims that no evidence exists that the images had been viewed or forwarded by him and that no other evidence of pornography had been found on Defendant's computers. (Defendant's post-trial brief, pg. 2). Further, Defendant claims that the Commonwealth's only evidence indicates that the file in question had been downloaded to a network which others could access and the only known person who had viewed it

5

was the investigating state police officer. A review of the relevant evidence follows to place the issues as argued by Defendant in context.

———————   ———————   ———————   ———————   ———————

At trial, the Commonwealth presented testimony on the child pornography aspect of the case from Pennsylvania State Police Corporal John Powis who had been present and interviewed Defendant on March 8, 2016 during the police search of Defendant's home when various electronic devices were confiscated from inside the home. Additionally, the Commonwealth called Pennsylvania State Police Sergeant John O'Neill, Supervisor of the Computer Crime Unit and Bureau of Investigation; Gerhard Goodyear, retired Pennsylvania State Police Corporal last assigned to the Computer Crime Unit; Robert Krehling, Pennsylvania State Police digital forensic examiner; together with Defendant's teenage son. Defendant testified in his own defense.

Gerhard Goodyear, since retired, was a Pennsylvania State Police Computer Crime Unit undercover investigator of possession and distribution of child pornography offenses. Goodyear provided detailed evidence to the jury about the use and operation of computers. His approximate four hundred police investigations involved file sharing or peer-to-peer networks by which two or more computers on the same network share files with all other persons utilizing computers on that network. Various reasons exist for a computer user to desire to utilize a file sharing network, including the availability of material and efficiency afforded a user in retrieving desired material on the internet. Goodyear explained that if a person wants to be part of a file sharing network to obtain child pornography, he has to search the internet for a specific program that allows him

6

**Exhibit B – Page 6**

to join a peer-to-peer network. After finding and selecting the desired program, the user must download it and install it on his computer. Next, he must set the proper configuration on his computer to make the program function for the network he desires to join. Thereafter, he must conduct searches on the computer to find those pornographic files in which he is interested. He would do so by typing and entering a search term in the search window that appears on his computer screen. Upon receiving a list of files in response to the search term he entered, he would then select the file or files that he desires to receive and review and then download those files onto his computer.

Specific search terms for child pornography are frequently used to locate files containing that content by those interested in doing so, including "PTHC" (pre-teen hard core) and "PTSC" (pre-teen soft core). If such terms are typed on generally used sites by computer users - for example, a Google site - messages will appear warning the users "Get Help!" that child pornography is a crime. However, such material is accessible by other means.

According to Goodyear, most file sharing programs are specific to one network. However, Shareaza - the program Defendant utilized - is unique in that it is a specific program that allows a user to search several networks at the same time. Shareaza has a "setup wizard" for a user to follow to install that program which includes various setup screens with questions that must be answered by the user, including whether he wants to share files with others using the peer-to-peer network. After the program is installed by the user, a window will appear on the user's computer to allow the user to enter a search term. When the search term is typed on the screen by the user, he must hit

7

"enter" to continue the search. Names of files matching the search term would then be displayed on the user's computer screen. If the user finds a file he desires to retrieve, he must hit "download" to receive it on his computer. If the user places material that he downloads into shared files that material is then available to be retrieved from his computer by other users of the peer-to-peer network.

During his investigation, Goodyear utilized the eMule network. Police do not share files on that network but simply use it to search the internet for known files that have been previously identified as child pornography-related. Police use the unique hash values of those known files to identify computers that are sharing child pornography and then download the files retrieved from those users' computers via an automated process to the police computer. The software police use conducts only "single source downloads" so that all parts of each download are retrieved from one user source rather than from multiple users who are using the peer-to-peer network. Police can thereby be assured that an entire file which they find and download came from one particular computer.

Herein, on December 20, 2015, the police investigative computer located and then downloaded suspected files of child pornography which Goodyear reviewed. He determined the IP address of the computer from which the suspected pornography had been transferred and found that the service provider for the user of that computer was Frontier Communication. Then he obtained a court order to retrieve information from Frontier Communication to identify the subscriber of the service as of the date and time that the child pornography had been received from that computer by police. Frontier Communication indicated that the subscriber was Defendant Kristin DeLorge of 131

8

Breisch Road, Ringtown. According to Goodyear, a computer utilized under Defendant's Frontier Communication subscription had been turned "on" and the Shareaza program had been running on that computer at the time police received the suspected pornographic material from it.

Goodyear originally downloaded twenty images of suspected child pornography to start his investigation. After the search of Defendant's home, Goodyear was provided ten files recovered by police from one of Defendant's computers. The computer was located on a shelf in what was determined to be Defendant's bedroom. One file recovered from Defendant's computer matched a file Goodyear downloaded during his initial investigation.

Robert Krehling is a digital forensic examiner of electronic storage devices with the Pennsylvania State Police. He was present in a mobile examination van located outside Defendant's home on March 8, 2016 when police searched the home. Pennsylvania State Police Sergeant John O'Neill identified evidence found at the scene of the search of Defendant's home, including various electronic devices which were provided to Krehling. While on site, Krehling examined the contents of all electronic devices police found at the home. One laptop computer, a Dell Latitude, was found to have files containing suspected images of child pornography. Eight images were in a file named PTHC Vietnamese Child Brothel and two images were from a file named PTSC Y Salome. By analyzing the metadata on Defendant's computer, Krehling determined that the PTHC Vietnamese Child Brothel file had been created and downloaded onto Defendant's computer at 1:40 a.m. on December 19, 2015. The last access of the PTHC Vietnamese Child Brothel image file had occurred at 1:44 a.m. that

9

**Exhibit B – Page 9**

day on Defendant's computer. As recorded in the metadata, the PTSC Y Salome file was created, downloaded and accessed on Defendant's computer on December 19, 2015 at 12:22 p.m. After the images were downloaded on Defendant's computer, they were then offered to be shared with others on the network.[2]

Pennsylvania State Police Corporal John Powis was present when the search warrant was served at Defendant's home on March 8, 2016. Corporal Powis interviewed Defendant while the search was conducted by other police. After various illegal drugs and paraphernalia were located in an upstairs bedroom which Defendant indicated was his, Defendant told Corporal Powis that all of the items were his for personal use. Defendant also told Corporal Powis that he had internet service at the home, that Frontier Communication was the provider and that his router and computer were password protected. Additionally, Defendant stated that he was aware of file sharing programs and that he had used them in the past.

When Corporal Powis described to Defendant an image and the file name from which the image had been previously downloaded by Corporal Goodyear during the latter's investigation - namely, the file "PTHC Vietnamese Child Brothel" and the image being that of a prepubescent child about four to five years old appearing completely nude while sitting on and performing oral sex on a nude adult male - and asked if Defendant recognized them, Defendant said that he did, that he had seen the image on his son's laptop in the past but that he did not do anything about it and was not able to tell Corporal Powis why he had not. Defendant did not tell Corporal Powis that his son had access to his (Defendant's) computer. When Corporal Powis told Defendant that

---

[2] Ten of the images found on Defendant's computer and exhibited to the jury need not be described as Defendant has not contested their constituting child pornography.

the laptop found in Defendant's bedroom had images of child pornography on it, that those matched the images that had been downloaded by Goodyear in his investigation and that the file sharing program Shareaza was associated with that laptop, Defendant stated that the laptop was his and that if it was on his computer, "I'll take responsibility for it."

In addition to the laptop computer located in Defendant's bedroom, police found various electronic devices in the home, including a laptop in another bedroom together with multiple computer parts and towers. Defendant also told police that he repaired computers.

Defendant's fourteen-year-old son testified that at the time of the downloading (December 19, 2015), he would have been twelve years old and did not reside with Defendant. When he visited his father, the child took his own computer to his father's home to use for gaming and videos. He had not been familiar with the program Shareaza and had not used file sharing. He further testified that he had not downloaded a Vietnamese Child Brothel file and that he had used Defendant's computer only one time for gaming.

Defendant testified in his own defense. According to Defendant, he had been employed outside the home at the time of the incident in addition to having performed computer repair work for people at his home. Defendant stated that he could install computer hardware and software. Defendant did not remember being asked by Corporal Powis about the internet address of a child pornography site but he did recall having heard the description of the pornographic depiction. Defendant claimed recalling that his son and his nephew had been at his home the weekend of the December, 2015

11

downloading and that it was possible that they could have been using his computer. Defendant also stated that when talking to Corporal Powis, he had taken responsibility for everything in the house but that he had not known that Corporal Powis was referring to child pornography at the time.

Defendant claimed that the subject laptop computer was in his bedroom on a shelf, that it was "for the kids" to play video games and that everyone in his home had access to his computers. Defendant testified that he had been familiar with file sharing programs, had used them, was aware that when installing such a program there is an installation menu that must be gone through to install it, that he had used Shareaza in the past and that he was familiar with the interface of the program. Defendant further testified that he knew that when a person downloads files using a file sharing program that those files would be "shareable." Defendant also stated that his computer and Wi-Fi had both been password protected.

---

## Discussion

In his post-trial brief, Defendant questions both the sufficiency and weight of the trial evidence. A weight of the evidence challenge may be preserved by raising the claim in a motion for new trial orally on the record or in written motion before sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(a). Defendant did not raise the weight claim before sentencing or in his post-sentence motion. Although Defendant first mentioned the issue in his post-sentence brief, the Court has evaluated the claim and finds no merit to the challenge.

12

The jury was free to believe all, part or none of the trial evidence and determine witness credibility. In his argument, Defendant does not attack the credibility of the Commonwealth witnesses or the reliability of the evidence they offered. Rather, his argument appears to be that the Court should nullify the verdict due to evidence that indicates Defendant had not accessed the child pornography after December 19, 2015. The Court considered that evidence when sentencing Defendant at the low end of the mitigated range of the sentencing guidelines on the child pornography dissemination charges and imposing all of those sentences to run concurrently with the sentence on the controlled substance felony offense.[3] Nevertheless, such consideration does not support finding that the verdict was against the weight of the evidence as the verdict was not contrary to the evidence. *Commonwealth v. Gibson*, 720 A.2d 473 (Pa. 1998) (court may award new trial in its discretion if verdict so contrary to evidence as to shock sense of justice).

In evaluating a sufficiency of the evidence challenge, a court is to determine whether the proof at trial and the reasonable inferences arising therefrom, when viewed in the light most favorable to the verdict winner - the Commonwealth - support the conviction beyond a reasonable doubt. In a jury trial, if sufficient record evidence exists to have allowed the fact-finder to find every element of the crime at issue established beyond a reasonable doubt, the evidence is sufficient to sustain the verdict. In determining the sufficiency of the evidence, a court is not to re-weigh it as the jury had been free to believe all, some or none of the evidence it heard. The Commonwealth's sufficiency burden may be met by direct or circumstantial evidence or a combination of

---

[3] The trial evidence does not support Defendant's argument that no other pornography "of any kind" was found on his computers.

13

both. Unless it is found that the evidence received is so inconclusive and weak that no probability of fact could have been drawn from all the circumstances, doubt as to an accused's guilt must be resolved by the jury. *Commonwealth v. Rodriquez*, 141 A.3d 523, 525 (Pa. Super. 2016).

In his brief, Defendant claims that the Commonwealth's proof failed to establish that Defendant knowingly downloaded depictions of child pornography so to be convicted of knowingly possessing or controlling a computer depiction of such material in violation of 18 Pa.C.S. 6312(d). The evidence the jury considered included testimony that Defendant installed the file sharing program Shareaza with access to multiple networks on his computer. Not only would one installing such a program be required to go through an installation process during which the user is informed of the nature of the program and of file sharing but Defendant, a computer repairman, acknowledged both to police and while testifying at trial about his knowledge of computer operation, of his having used file sharing programs including Shareaza, and. of knowing how they operated.

To download child pornography, a computer user would first be required to type terms in a search bar for the kind of material the user was intending to find. Files of child pornography often are located using various known particularized search terms including PTHC and PTSC. After the computer delineates files that match the search terms that had been entered, the user would not have access to or possess the child pornography contained in any file until the user actually selects a file or files he desires and then downloads it/them onto his own computer. Herein, Defendant's computer, which was password protected, was found on a shelf in his bedroom. Files from child

14

pornography sites were found on the computer and ten of the depictions located in two of the files were exhibited to the jury. The jury heard Defendant's son - who Defendant suggested may be to blame - testify that he used Defendant's computer only one time for gaming and that at the relevant time he had not been familiar with file sharing, Shareaza or a file named PTHC Vietnamese Child Brothel.

Defendant also claims that the evidence was insufficient to prove a violation of 18 Pa.C.S. 6312(c) because the evidence did not establish that the child pornography had been disseminated from Defendant's IP address and that the only known person to whom the depictions had been disseminated had been the investigating police officer. However, Commonwealth witness Gerhard Goodyear specifically testified that based upon the program the police utilized in their investigation, he knew that the child pornography depictions all came from Defendant's computer IP address. Further, the computer in Defendant's bedroom was the only device in the home which had been confiscated during the police search which had the same images found during Goodyear's initial police investigation. Section 6312(c) prohibits the knowing dissemination of the prohibited material or the possession of such material for the purpose of dissemination. Defendant understood that the Shareaza program provided for file sharing of material on one's computer by making it available to other computer users who were running the same program. The jury was free to believe the evidence of the Commonwealth along with Defendant's incriminating statements and testimony in determining whether the computer-savvy Defendant - who installed the file sharing program while well aware of what such program involved, sought, then downloaded and then placed child pornography in files on his computer to be shared with others -

15

knowingly disseminated or possessed the material for the purpose of dissemination. In this regard, one acts knowingly if "he is aware that it is particularly certain that his conduct will cause such a result." (18 Pa.C.S. 302(b) ).

Defendant further argues that subsection (f) of 18 Pa.C.S. 6312[4] of the Crimes Code precludes his conviction because the evidence only established that police had received the child pornography from Defendant's computer and they were "qualified" by law to view the material. In relevant part, 18 Pa.C.S. 6312 excepts "[a]ny material that is viewed, possessed, controlled, brought or caused to be brought into this Commonwealth, or presented, for a bona fide educational, scientific, governmental or judicial purpose." 18 Pa.C.S. 6312(f)(1). Although depictions utilized by police investigators and at trial constitute material excepted from criminal prosecution, contrary to Defendant's argument that same material in the possession of Defendant was not so excepted.

Finally, Defendant cites several cases which he argues support the positions raised in his brief. First, he claims that in *Commonwealth v. Kushmanik*, 154 A.3d 862 (Pa. Super. 2016), the Pennsylvania Superior Court found that the action of the appellant had not enlarged the market for child pornography and was not the kind of conduct the law sought to sanction - which Defendant claims is similar to his situation. First, it must be noted that the Superior Court issued a non-precedential memorandum opinion in that case with the citation Defendant utilized in his brief actually being a

---

[4] The Crimes Code provides in pertinent part:

    (f) Exceptions.--This section does not apply to any of the following:
        (1) Any material that is viewed, possessed, controlled, brought or caused to be brought into this Commonwealth, or presented, for a bona fide educational, scientific, governmental or judicial purpose.

    18 Pa.C.S. 6312(f)(1).

16

reference to a table rather than a published opinion. Per Pa. Superior Court I.O.P. 65.37, such an opinion is not "to be relied upon or cited by a Court or a party in any other action or proceeding" except as otherwise delineated - none of which exceptions apply in this case.[5]

Defendant next claims that based upon *Commonwealth v. Levy*, 83 A.3d 457 (Pa. Super. 2013), "dissemination" under 18 Pa.C.S. 5903(c) requires some affirmative act by an accused and that the Commonwealth's evidence established that the images in this case were never viewed and the file was never opened except by the police investigator. Consequently, Defendant argues, no proof existed that the images were depicted on his computer. In *Levy*, the question before Superior Court was whether sending a minor an e-mail with a link to pornographic materials constituted dissemination of explicit sexual materials in violation of 18 Pa.C.S. 5903. Superior Court determined that an e-mail sent containing such a link constituted dissemination of the prohibited materials and the fact that "the recipient must take the cursory step of clicking on the link" did not "remove that link from the general definition of 'explicit sexual material'." *Levy*, supra. at 466.

Unlike in *Levy*, Defendant was not convicted of an offense under 18 Pa.C.S. 5903(c). Rather, Defendant was convicted of violating 18 Pa.C.S. 6312(c) and (d) which prohibit a person from intentionally viewing or knowingly possessing or controlling a prohibited depiction and of the knowing dissemination or possession of such depiction for purpose of dissemination. The evidence established that at 1:40 a.m. and 12:22 p.m. on December 19, 2015, a user of Defendant's password protected computer

---

[5] The conduct at issue in the non-precedential case also did not involve depictions of 'prohibited sexual acts" as herein.

17

searched for, selected and then downloaded files of child pornography onto Defendant's computer, with two of those files identified with the names of PTHC Vietnamese Child Brothel and PTSC Y Salome. Subsection (d) of 18 Pa.C.S. 6312 prohibits both the intentional viewing and knowingly possessing or controlling the prohibited material. The evidence establishes Defendant knowingly possessed or controlled the material. Further, the police investigator received the material using the peer-to-peer network while Defendant's computer was turned "on" and Defendant's file-sharing program was running. Via that peer-to-peer network, the depictions were uploaded from Defendant's computer and transferred to the police computer upon which the depictions were downloaded.

Finally, Defendant cites *Commonwealth v. Diodoro*, 970 A.2d 1100 (Pa. 2009) for the proposition that downloading, saving or printing images of child pornography must be established and that the Commonwealth only proved that an unopened file had been downloaded by Defendant - not that he knew of its existence. Contrary to Defendant's argument, however, evidence at trial included testimony that on December 19, 2015 at 1:40 a.m., a file named PTHC Vietnamese Child Brothel containing pornographic images of children was selected from the internet, a file was created on Defendant's computer for the images and the images were downloaded and accessed on his computer. Similarly, another file containing child pornography with the name PTSC Y Salome was selected, and one was created, downloaded and accessed on Defendant's computer on December 19, 2015 at 12:22 p.m. The Pennsylvania Supreme Court in *Diodoro* stated that the Commonwealth need not prove an accused possessed child pornography to establish a violation of 18 Pa.C.S. 6312(d) if it can prove that he

18

knowingly controlled it as the intent of the statute is to protect children by prohibiting the production and trafficking of child pornography. Id. at 1107. The trial evidence does not support Defendant's argument that the Commonwealth's proof failed to establish his violation of the law.

In light of the foregoing, the evidence at trial also sufficiently established that Defendant used a communication facility (as defined in 18 Pa.C.S. 7512(c) ) to commit, cause or facilitate a felony. Besides his argument about the sufficiency of evidence on the underlying felony charges, Defendant does not argue any lack of sufficiency with respect to any particular element of the criminal use of communication facility offense. (18 Pa.C.S. 7512(a) ).

Because Defendant's post-trial motion, as supplemented by his brief, is found to lack merit it is being denied.

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  : No. 915-16

vs.

KRISTIN DELORGE,
              Defendant

District Attorney's Office - for the Commonwealth
Frank R. Cori, Esquire - for Defendant

## ORDER OF COURT

RUSSELL, J.

AND NOW, this _____ day of May, 2018, upon consideration of Defendant's post-sentence motion and pursuant to the Decision issued this day, it is hereby ORDERED Defendant's post-sentence motion is DENIED.

DEFENDANT IS NOTIFIED THAT HE HAS THE RIGHT TO APPEAL THIS DETERMINATION TO THE PENNSYLVANIA SUPERIOR COURT WITHIN THIRTY (30) DAYS OF THE DATE OF ENTRY OF THIS ORDER. DEFENDANT HAS THE RIGHT TO THE ASSISTANCE OF COUNSEL IN THE PREPARATION OF ANY APPEAL. IF DEFENDANT IS INDIGENT, HE MAY APPEAL IN FORMA PAUPERIS AND OBTAIN REPRESENTATION FROM THE SCHUYLKILL COUNTY OFFICE OF THE PUBLIC DEFENDER OR REQUEST THE COURT TO ASSIGN COUNSEL AND PROCEED WITH THE APPEAL AT NO EXPENSE TO DEFENDANT FOR COURT COSTS OR ATTORNEY FEES.

Defendant may remain subject to the previously imposed bail conditions in the event he files a timely appeal. However, if Defendant does not file an appeal within thirty (30) days of entry of this order, Defendant's release on bail shall immediately terminate and he shall

1

**Exhibit B – Page 20**

surrender to the Schuylkill County Prison to begin the service of the terms of incarceration imposed at his sentencing.

BY THE COURT.

_____ J.

2.